UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSKOVYAN AVETIK ARUTYUNOVICH,<br><br>Petitioner,<br><br>v.<br><br>RICHARD VALINKEN, *et al*.,<br><br>Respondents. | Case No.  1:19-cv-01701-JDP<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT AND DENYING CERTIFICATE OF APPEALABILITY<br><br>ECF No. 10 |

Petitioner Moskovyan Avetik Arutyunovich, a former federal immigration detainee without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. All parties have consented to the jurisdiction of the undersigned magistrate judge. On May 31, 2019, an immigration judge ordered petitioner removed from the United States. *See* ECF No. 1 at 4. However, petitioner remained in Immigration and Customs Enforcement ("ICE") detention pending his removal for nearly eight months. *Id*. at 7. On December 5, 2019, petitioner filed the instant petition, in which he sought his release from ICE detention while he awaited his final removal to Armenia. ECF No. 1. On January 23, 2020, petitioner was released from ICE custody

1    pending his final removal.  *See* ECF No. 10-1.[1]  Before us is respondents' motion to dismiss the

2    petition as moot in light of petitioner's release.  ECF No. 10.

3    **Discussion**

4         No habeas rule explicitly applies to motions to dismiss and there is some doubt as to what

5    standard of review is appropriate.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal.

6    1982) ("Motion practice in habeas corpus is not specifically provided for in the [Rules Governing

7    Section 2254 Cases] but must be inferred from their structure and the Advisory Committee

8    Notes.").  Courts in this district have generally analyzed motions to dismiss in the habeas context

9    under Rule 4 of the Rules Governing Section 2254 Cases.  *See, e.g.*, *Ram v. Sacramento Cty.*, No.

10   2:15-cv-2074-WBS-DB, 2017 U.S. Dist. Lexis 85123 at *4 (E.D. Cal. June 2, 2017).  Rule 4

11   establishes what is commonly known as a "screening" procedure for habeas petitions.  *See*

12   *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Browder v. Dir., Dep't of Corr. of*

13   *Illinois*, 434 U.S. 257, 269 n.14 (1978); Fed. R. Civ. P. 81(a)(4)(A).  Under Rule 4, we evaluate

14   whether it "plainly appears" that the petitioner is not entitled to relief—and, if it so appears, we

15   dismiss the petition.

16        Under the "case-or-controversy requirement of Article III, § 2, of the Constitution . . . .

17   parties must continue to have a personal stake in the outcome of the lawsuit."  *Lewis v.*

18   *Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations omitted).  Therefore,

19   throughout civil proceedings, the petitioner "must have suffered, or be threatened with, an actual

20

---

21   [1] Per Rule 201(b)(1) of the Federal Rules of Evidence, we take judicial notice of ICE's January
     23, 2020 Release Notification.  *See* ECF No. 10-1 at 1; *Escamilla v. Giurbino*, No. 07-cv-0353-W

22   (POR), 2008 U.S. Dist. LEXIS 125109, at *3 (S.D. Cal. Aug. 8, 2008) (In considering a motion
     to dismiss in a habeas action, "a court may take judicial notice of facts capable of accurate and

23   ready determination by resort to sources whose accuracy cannot reasonably be questioned" under
     Fed. R. Evid 201(b)); *Evonc v. Rupf*, No. C-94-0043 EFL, No. C-94-0044 EFL, 1995 U.S. Dist.

24   LEXIS 7373, at *5 (N.D. Cal. May 30, 1995) (In considering a motion to dismiss in a habeas
     action, the "[c]ourt may take judicial notice of facts outside the pleadings, including records of

25   administrative bodies.").  The notification states that petitioner was released from ICE custody
     pending his final removal.

26        Additionally, we take judicial notice of ICE's online detainee locator listing, which

27   indicates that petitioner is no longer in ICE custody.  *See* U.S. ICE Online Detainee Locator,
     https://locator.ice.gov/odls/#/index (search "Search by Biographical Information" for name

28   "Moskovyan Arutyunovich" and country of birth "Armenia").

                                                    2

injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

Detention is a "concrete injury." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once detention has ended "some concrete and continuing injury" other than detention—a "collateral consequence"—must exist if a habeas petition is to be maintained. *See id*. When a habeas petitioner challenges his underlying criminal conviction, collateral consequences are presumed to exist, even after a petitioner has been released from custody. *See id*. However, collateral consequences are not presumed where a habeas petitioner challenges an action other than a criminal conviction. *Id*. at 12-13. In such a case, the petition is moot once the petitioner is released from custody, unless the petitioner shows that he will suffer collateral consequences. *Id*. at 14.

Here, petitioner is no longer in custody and he has not claimed any collateral consequences from his detention. Because it is now "impossible for [the] court to grant any effectual relief" on petitioner's claims, they are moot. *See Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018); *Adelabu v. Gonzales*, 166 F. App'x. 275, 276 (9th Cir. 2006) ("To the extent [petitioner] challenges his detention, we dismiss the appeals as moot because [petitioner] was removed" from the United States.). Therefore, we will grant that the respondent's motion to dismiss. *See id*.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district

3

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we decline to issue a certificate of appealability.

**Order**

Respondent's motion to dismiss is granted. ECF No. 10. The clerk of court is directed to close this case.

IT IS SO ORDERED.

Dated:  March 20, 2020  _____
UNITED STATES MAGISTRATE JUDGE

No. 206.

4